GRANITE/HALMAR CONSTRUCTION CO., INC., Plaintiff,

v.

BUILDING MATERIAL TEAMSTERS LOCAL 282, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, and Gary La Barbera Defendants.

No. 04 CIV. 3356(SCR).

United States District Court, S.D. New York.

Dec. 7, 2004.

Anthony J. Diorio, Jackson, Lewis, Schnitzler & Krupman, White Plains, NY, for Plaintiff.

Bruce S. Levine, Cohen, Weiss And Simon, LLP, New York, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

## I. FACTS

The following factual summary describes the events that are uncontested except where noted. Granite/Halmar Construction Co., Inc. ("Employer"), a heavy construction business, is the petitioner in this case. Some employees of Employer, including the employee at issue in the instant case, are members of the Building Material Teamsters Local 282, International Brotherhood of Teamsters ("Union"). Employer and Union are parties to a Collective Bargaining Agreement ("CBA").

Section 42 of the CBA provides procedures to be followed when an employee exhibits a substance problem is tested for substance abuse. The section states:

(F) Should the employee fail to meet with the Employee Assistance Program Director or refuses to submit to testing for drug, substance or alcohol abuse or refuses to participate in the Local 282 Labor–Management Employee Assistance Program or the Detoxification program after testing positive for drug, substance or alcohol abuse, the Employee shall be terminated without recourse to the grievance procedure contained in the collective bargaining agreement between the parties.

Subsequent to the above subsection is the following:

(H) It is agreed that the procedure set forth above shall be the exclusive procedure for resolving the disputes concerning drug, substance or alcohol abuse and testing.

Joseph Mantone ("Employee") was both an employee of Employer and member of Union. In 2002, Employee tested positive for a controlled substance and completed a rehabilitation program (provided for by the CBA). On August 7, 2003, Employee was called by Employer to work at the Belt Parkway project. According to Employer, in order to begin work on the Belt Parkway project, Employee was subject to a drug test. Employee provided a urine sample. Employer states that the sample provided by Employee was a cold sample-outside of the temperature range required by DOT regulations. Employer further avers as fact that the testing company requested that Employee provide a second, observed sample within the next three hours. Employee did not provide another sample. In August 2003, Employer terminated Employee and so advised the Union that the termination was due to Employee's "refusal" to take a required drug test. Union proceeded to bring the matter be-

fore an Arbitrator. Employer responded by filing this action in state court. Union removed the matter to this Court pursuant to 28 U.S.C. § 1441(b). Parties have submitted cross-motions for summary judgment.

## II. THE MOTIONS FOR SUMMARY JUDGMENT

The crux of the dispute is whether Employee refused to give the second sample, which Employer argues led to Employee's termination and whether the termination is subject to arbitration. Employer argues that it is a question of law for this Court to determine whether the termination decision is properly before an arbitration panel. Union, however, contends that the question is whether Employee "refused" in the first place—a question of fact. Essentially, Employer assumes that Employee's termination was due to a refusal and moves forward with the legal determination whereas Union sees a question of fact that should go before an arbitrator in order to properly characterize the termination and then decide whether it is properly before an arbitrator.

### A. Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Engineering Corp.*, 221 F.3d 293, 300 (2d Cir.2000); *see also* Fed.R.Civ.P. 56(c). The moving party must show the absence of any issues of material fact. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997).

### B. Legal Analysis

■ Both parties submit that public policy strongly favors arbitration in the context of federal labor law. Employer, however, argues that this underlying grievance is not subject to arbitration. Employer is correct that determining whether parties have contractually bound themselves to arbitrate a dispute is a question of law for this Court. *See, e.g., United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

It follows that Employer's argument is legally accurate on its face. If the only decision to be made is whether Employee's refusal to take a drug test constituted a termination under § 42(F) of the CBA, then the Court's decision would be clear and simple. Union even concedes that "if [Employee] did refuse to take a drug test, he would be subject to automatic discharge." The problem is that Employer's argument makes an important and erroneous assumption: Union has not conceded that Employee refused to take a drug test. Union, in fact, disputes that Employee refused to take a drug test. That leaves for this Court the question of whether Employee refused to take a drug test—is failing to provide a second urine sample a refusal? Is that a question properly before this Court?

■ Employer cites *Office of the Comm'r of Baseball v. World Umpires Ass'n*, 242 F.Supp.2d 380 (S.D.N.Y.2003) as analogous to this set of facts. The CBA at issue in *World Umpires Ass'n* had two mechanisms for resolving disputes. Disputes arising from discipline actions or terminations were not subject to a grievance procedure. All other disputes or disagreements involving the interpretation or application of a provision of the CBA, except for disciplinary actions and terminations, were subject to third-party arbitration. *World Umpires Ass'n* follows the

*Steelworkers Trilogy* [1]: "This dispute concerning the arbitrability of the WUA's purported grievance is governed by principles set forth by the Supreme Court in the Steelworkers Trilogy and its progeny. Chief among these is that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute, which he has not agreed so to submit. Furthermore, unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator. Third, in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *Office of the Comm'r of Baseball v. World Umpires Ass'n*, 242 F.Supp.2d 380, 384 (S.D.N.Y., 2003) (internal citations omitted). The opinion continued: An order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Application of this presumption varies depending upon the breadth of an arbitration clause. Where a CBA contains the broadest of possible arbitration clauses, i.e., one submitting to arbitration disputes of any nature or character or any and all disputes not merely disputes arising under the CBA, all questions will be properly consigned to the arbitrator. In dealing with a narrower arbitration clause, a court's inquiry is not so circumscribed, and it will be proper to consider whether the conduct in issue is on its face within the purview of the clause. *Id.*

The court in *World Umpires Ass'n* determined that the section of CBA at issue disallowing disputes arising from disciplinary action or termination to be put before an arbitrator was necessarily narrow for the court. Union claims this case is inapposite. Union maintains that the discharge arbitration clause "is not so limited, as it expressly applies to any dispute 'in connection' with a discharge." This attack is unfounded. This Court is concerned with § 42(F) of the CBA, not the general arbitration clause.

■ Section 42(F) narrowly and clearly states that an employee who "refuses to submit to testing for drug, substance, or alcohol abuse...shall be terminated without recourse to the grievance procedure contained in the collective bargaining agreement between the parties." This provision created an exception to the usual procedure. It is a very narrow exception. The terms are not ambiguous. Therefore, the Court may properly answer the question as to whether Employee's failure to provide a second urine sample constitutes a refusal. *See id.*

■ The term "refusal" is not defined in the CBA. It is undisputed that Employee failed to provide a second sample. Taking the plain meaning of the term "refusal," Employee refused to take another drug test when requested to do so. Union's lack of allegations as to what otherwise occurred should leave the Court no other choice but to interpret the term based on its plain meaning. To require Employer to define every term used in the CBA is unreasonable.

## C. Conclusion

Hence, Employee refused to take a drug test and was terminated according to

1. *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

§ 42(F) of the CBA, which clearly provides a narrow exception to the usual arbitration procedure. Union's motion for summary judgment is denied and Employer's motion for summary judgment is granted. Accordingly, the Court orders a stay of the arbitration proceedings.

### D. Union Seeks Attorney's Fees

Union deems Employer's attempt to stay arbitration proceedings as unjustified and, therefore, requests attorney's fees. Employer has not acted unjustifiably nor was its claim frivolous. Therefore, I do not believe that attorney's fees should be awarded.

IT IS SO ORDERED.